UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WAYNE FERGUSON,** | Case No. 1:10 CV 496 |
| Petitioner, | Judge James S. Gwin |
| v. | REPORT AND RECOMMENDATION |
| **FRANK SHEWALTER,** Warden, | |
| Respondent. | Magistrate Judge James R. Knepp II |

## Introduction

*Pro se* Petitioner Wayne Ferguson, a prisoner in state custody, filed a Petition for federal habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent, Warden Frank Shewalter, has moved to dismiss the Petition as untimely. (Doc. 5). Petitioner filed a timely response to Respondent's motion to dismiss along with a motion to amend the present Petition. (Docs. 6, 7).

The district court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons stated below, the undersigned recommends the Petition be dismissed as untimely.

## Background

On January 19, 2007, Petitioner was convicted of rape and sexual assault in the Ashtabula County, Ohio Court of Common Pleas. (Ex. 3, Doc. 5, at 1-2). Following his conviction, Petitioner was sentenced to ten years imprisonment with 225 days jail credit. (Ex. 5, Doc. 5, at 2). On July 25, 2007, Petitioner filed a notice of appeal asserting only that the judgment was against the manifest

weight of the evidence. (Ex. 7, Doc. 5, at 1-9). The state appellate court affirmed Petitioner's conviction on May 19, 2008. *State v. Ferguson*, 2008 WL 2079472 (Ohio App. 11 Dist.). Petitioner failed to timely appeal the appellate court's decision to the Ohio Supreme Court. On July 15, 2008, Petitioner filed a motion for leave to file a delayed appeal and a notice of appeal with the Ohio Supreme Court. (Exs. 14-15, Doc. 5). The Ohio Supreme Court denied leave on September 10, 2008. (Ex. 16, Doc. 5).

On April 3, 2008, during the pendency of Petitioner's direct appeal, Petitioner filed a petition for post-conviction relief in the state trial court. (Ex. 27, Doc. 5). Thereafter, on June 6, 2008, the trial court dismissed Petitioner's post-conviction petition as being untimely. (Ex. 29, Doc. 5). Petitioner timely appealed this decision to the Ohio appellate court and the Ohio Supreme Court.

On August 6, 2008, Petitioner filed a motion for an extension of time to file an Ohio Appellate Rule 26(B) application for reopening with the state appellate court. (Ex. 17, Doc. 5). The court granted Petitioner this request on August 22, 2008. (Ex. 18, Doc. 5). Petitioner filed his Rule 26(B) application on September 15, 2008. (Ex. 19, Doc. 5). The court denied Petitioner's Rule 26(B) application on October 22, 2008. (Ex. 22, Doc. 5). Petitioner timely appealed this decision to the Ohio Supreme Court, which dismissed the appeal as "not involving any substantial constitutional question." (Ex. 26, Doc. 5).

Petitioner then filed a state habeas corpus petition with the Ohio Supreme Court on September 17, 2009. (Ex. 36, Doc. 5). The Ohio Supreme Court denied the state habeas corpus petition on November 4, 2009. (Ex. 37, Doc. 5, at 1).

On March 8, 2010, Petitioner filed the pending Petition. (Doc. 1). Because Petitioner is *pro se*, the Petition will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating *pro*

2

*se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); *see also Franklin v. Rose*, 765 F.2d 82,85 (6th Cir. 1985) ("The allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction," and "[t]he appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief" (internal quotations omitted)). Petitioner raises six grounds in support of the present Petition, requesting essentially to have his conviction vacated.

## The Petition is Time-barred

Respondent correctly contends the present Petition, filed March 8, 2010, is untimely. Respondent cites 28 U.S.C. § 2244(d), of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), to support this contention. Relying on the "1-year period of limitation" contained in the statute, Respondent claims Petitioner's AEDPA time expired on August 29, 2009. (Doc. 5, at 13). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The state appellate court affirmed Petitioner's conviction on May 19, 2008. Forty-five days later, on July 3, 2008, Petitioner's conviction became final upon "expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A); Ohio S. Ct. Prac. R. II, § 2(A)(1)(a) (notice of appeal to the Ohio Supreme Court must be filed within 45 days of the entry of judgment); *see also Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005) (one-year period begins to run on expiration of the 45-day period under which review could have been sought by Ohio Supreme Court). Because Federal Civil Rule 6(a) applies to federal time computation, "the day of the act, event, or default from which the designated period of time begins to run shall not be included." *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Therefore, Petitioner's one-year statute of limitations began to run July 4, 2008.

## Statutory Tolling

### Motion For Delayed Appeal

Petitioner's AEDPA time ran for eleven days, when, on July 15, 2008, Petitioner filed a motion for leave to file a delayed appeal and a notice of appeal with the Ohio Supreme Court. Respondent, citing *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001), concedes Petitioner's AEDPA time was tolled from July 15, 2008 until September 10, 2008, during the pendency of Petitioner's delayed appeal to the Ohio Supreme Court. A motion for delayed appeal to the Ohio Supreme Court, if properly filed, tolls the statute of limitations while the motion is pending. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (citing *Searcy*, 246 F.3d at 519 ); *see also Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010) ("[T]he time during which a properly filed application for

4

State post-conviction . . . review is pending shall not be counted against the 1-year period.") (internal quotations omitted); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) ("[A]n application is pending as long as the ordinary state collateral review process is in continuance - *i.e.*, until the completion of that process." (internal quotations omitted)). Respondent contends Petitioner's AEDPA time began running again on September 11, 2008, and, absent further tolling, expired on August 29, 2009.

Petitioner's AEDPA time actually expired on August 31, 2009, two days after Respondent contends, however, this discrepancy is inconsequential. Eleven days of Petitioner's AEDPA time ran from July 4, 2008 until July 15, 2008, when the statute was tolled. The statute resumed running on September 11, 2008 and expired 354 days later on August 31, 2009. Because, as discussed below, Petitioner has no other basis for tolling, Respondent is nonetheless correct that the present Petition is untimely.

**26(B) Application**

Petitioner filed an Ohio Appellate Rule 26(B) application for reopening with the court of appeals on September 15, 2008, but the application was dismissed as being both procedurally flawed and lacking in merit. Petitioner's subsequent appeal of the appellate court's decision was dismissed by the Ohio Supreme Court as not involving any substantial constitutional question.

A Rule 26(B) application to reopen is a collateral matter that, if properly filed, will toll the statute of limitations. *See Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005); *see also* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) ("[L]imitations period is tolled . . . while a *properly filed* application for State post-conviction or other collateral review . . . is pending.") (emphasis added) (internal quotations omitted)). For an application to be "properly filed", its delivery and acceptance must be in compliance with the applicable rules and laws

governing such filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Because the appellate court determined Petitioner's Rule 26(B) application both failed to comply with procedural requirements and lacked merit, Petitioner and Respondent disagree as to whether Petitioner's application was "properly filed" and therefore whether the time during which the application was pending qualifies for statutory tolling.

Respondent argues the appellate court dismissed Petitioner's Rule 26(B) application on procedural grounds and, therefore, the application was not "properly filed" and does not qualify for statutory tolling. Respondent also argues this Court should presume "the Ohio Supreme Court was enforcing the procedural bar as stated by the appellate court" when it dismissed Petitioner's appeal of that decision as not involving any substantial constitutional question. (Doc. 5, at 14).

Petitioner, on the other hand, contends his Rule 26(B) application was denied on the merits because the appellate court concluded its decision with a discussion of the merits of the application. Alternatively, Petitioner argues the State waived its procedural default defense because the state failed to raise such a defense and instead opposed the application on the merits. Both of Petitioner's contentions are inaccurate.

First, although the appellate court addressed the merits of Petitioner's Rule 26(B) application, the court did so only after determining the application suffered from "procedural error[s]" which were "fatal to the appellant's application." (Ex. 22, Doc. 5, at 3). Specifically, the appellate court explained Petitioner's application did not comply with the procedural requirements contained in subsections (d) and (e) of Ohio Appellate Rule 26(B)(2). Those portions of the rule state:

(2) An application for reopening shall contain all of the following:

6

> (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;
>
> (e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

The appellate court found the affidavit Petitioner filed in support of his Rule 26(B) application did not assert Petitioner's appellate counsel was ineffective, as is required by Ohio Appellate Rule 26(B)(2)(d), but rather the affidavit asserted Petitioner's trial counsel was ineffective. The court explained, "[a]ppellant's failure to state in his affidavit that his appellate counsel was deficient in failing to assert his trial counsel's alleged deficiencies on appeal is *fatal* to appellant's application." (Ex. 22, Doc. 5, at 3) (emphasis added). Next the appellate court determined Petitioner failed to comply with Ohio Appellate Rule 26(B)(2)(e) by not including "[a]ny parts of the record available to the applicant . . . upon which [he] relies." (Ex. 22, Doc 5, at 3). The court stated this "procedural error" was "likewise fatal" to Petitioner's application. (Ex. 22, Doc. 5, at 3). Thus, the appellate court first determined Petitioner's Rule 26(B) application was procedurally flawed, and therefore improperly filed. The United States Supreme Court, in *Artuz*, explained when an application is "properly filed":

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, *for example, the form of the document*, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz*, 531 U.S. at 8 (emphasis added). The appellate court's opinion clearly explains the court found Petitioner's Rule 26(B) application did not comply with the "applicable laws and rules

governing filings." *Id.* As such, this Court is bound to this resolution of an issue of state procedural law because "federal courts . . . defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law." *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

Second, the fact the appellate court went on to address the merits of Petitioner's Rule 26(B) application does "not supersede the procedural bar". *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) ("[W]hen a state court relies on an independent procedural ground to deny relief, a discussion of the merits will not supersede the procedural bar to habeas relief."); *accord Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim."). Because the appellate court clearly ruled that Petitioner's Rule 26(B) application was procedurally flawed, "that . . . [is] the end of the matter", regardless of the fact the appellate court also addressed the merits. *Pace*, 544 U.S. at 414.

Lastly, Petitioner's reliance on *Baze* for the assertion that the state waived the procedural default defense by not raising the defense is misguided. Petitioner fails to realize that in *Baze* the Sixth Circuit was reviewing the district court decision when it determined the state failed to raise the issue of procedural default in federal court, thereby waiving such a defense. *Baze*, 371 F.3d at 320. The Sixth Circuit never considered whether or not the state raised the issue of procedural default at the state appellate level, because the court was not reviewing that decision. Therefore, this portion of *Baze* is not controlling in the present case. Additionally, whether or not the state in the present case raised the issue of procedural default in the state appellate court is outside the review of the Court because "this [C]ourt . . . does not function as an additional state appellate court

reviewing state-court decisions on state law or procedure." *Vroman*, 346 F.3d at 604 (citing *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)).

For the foregoing reasons, the Court concludes Petitioner's Rule 26(B) application was dismissed on procedural grounds and was therefore not "properly filed". The Court must also conclude the Ohio Supreme Court enforced the procedural bar stated by the appellate court. In dismissing Petitioner's appeal, the Ohio Supreme Court issued a one sentence, unexplained order stating the appeal did not involve "any substantial constitutional question." (Ex. 26, Doc. 5). When a court issues an unexplained order, "the maxim is that silence implies consent, not the opposite – and courts generally behave accordingly, affirming without further discussion when they agree, not when they disagree, with the reasons given below." *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *see also Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) (holding the Sixth Circuit must assume state courts observe and enforce their own procedural bars). Because Petitioner's Rule 26(B) application was not "properly filed," the time during which the application was pending does not qualify for statutory tolling. *See Lopez*, 426 F.3d at 352; *Pace*, 544 U.S. at 410; *see also* 28 U.S.C. § 2244(d)(2).

**State Post-Conviction Petition**

Petitioner also filed a Petition for Post-Conviction Relief (PPCR) in the Ashtabula County, Ohio Court of Common Pleas on April 3, 2008. Pursuant to Ohio Revised Code § 2953.21, a criminal defendant may file a motion for post-conviction relief in the trial court no later than 180 days after the date on which the trial transcript is filed in the court of appeals in direct appeal of the judgment of conviction. Petitioner's trial transcript was filed in the court of appeals on September 4, 2007. Petitioner filed his PPCR 210 days later on April 3, 2008. Because Petitioner filed his

9

PPCR well after the 180-day statute of limitations, the trial court dismissed Petitioner's PPCR as untimely. (Ex. 29, Doc. 5). As such, the time during which Petitioner's PPCR and subsequent appeals of the trial court's decision were pending does not qualify for statutory tolling. *See Allen v. Siebert*, 552 U.S. 3, 5 (2007) ("[A] state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)."); *Pace*, 544 U.S. at 414-417 (when a postconviction petition is untimely under state law, "that is the end of the matter for the purposes of § 2244(d)(2)" and the petitioner is not entitled to statutory tolling under § 2244(d)(2)).

**State Habeas Corpus Petition**

On September 17, 2009, Petitioner filed a state habeas corpus petition, a statutory remedy in the State of Ohio, with the Ohio Supreme Court. The Ohio Supreme Court dismissed the petition on November 4, 2009. An application for state post-conviction relief or other collateral review "tolls, but does not restart" the limitations period. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Because Petitioner filed his state habeas petition after his AEDPA time had already expired, it does not qualify for statutory tolling. After the limitations period expires, state collateral proceedings cannot affect the statute of limitations. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("[A] motion for state post-conviction review that is filed following the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled.")

In sum, Petitioner's AEDPA time expired on August 31, 2009 and the Petition is therefore untimely unless Petitioner can demonstrate some reason for equitably tolling the statute. *See Holland*, 130 U.S. at 2560 (holding "that § 2244(d) is subject to equitable tolling in appropriate cases").

**No Grounds For Equitable Tolling**

In his response to Respondent's Motion to Dismiss, Petitioner argues for equitable tolling. Under the doctrine of equitable tolling, a federal court may toll a statute of limitations "when 'a litigant's failure to meet a legally-motivated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

> In determining whether to allow equitable tolling, the Court must consider certain factors:
>
> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001) (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)).  However, "this list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman*, 346 F.3d at 605; *see also Allen*, 366 F.3d at 401.  Additionally, Petitioner bears the burden of establishing entitlement to equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (holding that petitioner must show "he is pursuing his rights diligently" and "some extraordinary circumstances stood in his way"); *Jurado*, 337 F.3d at 642 (explaining a habeas petitioner "bears the burden of demonstrating that he is entitled to equitable tolling" and "[t]he doctrine is used sparingly by federal courts").

Petitioner claims his lack of education, lack of legal training and lack of actual or constructive knowledge of the filing requirement entitle him to equitable tolling.  Petitioner also asserts he diligently pursued his rights and his failure to meet the filing requirement is the result of his attorneys failing him.  Lastly, Petitioner contends he is innocent and Respondent would have a

11

difficult time demonstrating prejudice. None of Petitioner's claims show entitlement to equitable tolling.

Petitioner's "lack of legal training, poor education, or even his illiteracy does not give a court reason to toll the statute of limitations". *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). "Even if [Petitioner] lacked actual knowledge of the relevant provisions of AEDPA, [the Sixth Circuit] has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen*, 366 F.3d at 403 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Furthermore, even if Petitioner lacked actual knowledge of the filing requirement, Petitioner had constructive knowledge through § 2244(d) itself. *Id.* at 402-03.

The procedural history of Petitioner's case also shows Petitioner did not diligently pursue his rights. Petitioner failed to meet the filing requirements for both his appeal to the Ohio Supreme Court on discretionary direct review and his post-conviction petition. Petitioner also failed to comply with the procedural requirements of his Rule 26(B) application. Furthermore, Petitioner's assertion that his failure to meet deadlines is the result of his attorneys failures carries no weight. The Sixth Circuit has repeatedly held "that a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling." *Allen*, 366 F.3d at 403.

Next, while a credible claim of actual innocence will equitably toll the limitations period of § 2244(d), *see Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005), Petitioner's statement that he "has claimed his innocence from the day he voluntarily walked into the police station" is not such a claim. (Doc. 6, at 3). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Souter*, 395 F.3d at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner has not provided any such evidence to support a claim of actual innocence.

Lastly, "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Vroman*, 346 F.3d at 605. "Because [Petitioner] has failed to demonstrate the existence of a factor that justifies tolling, [this Court] may not consider the alleged lack of prejudice." *Allen*, 366 F.3d at 404. Therefore, Petitioner is not entitled to equitable tolling to excuse his untimely filing.

## Conclusion

Upon review of Respondent's Motion to Dismiss (Doc. 5), giving the Petitioner every benefit of liberal construction, and reviewing the record for all feasible arguments that would contradict Respondent's contentions, the Court finds the Petition untimely and equitable tolling not warranted. In light of that, Petitioner's Motion for Leave to Amend Petition (Doc. 7) is moot. Further, there has been no demonstrated need for an evidentiary hearing. The undersigned therefore recommends the motion to dismiss be granted.

               _____s/James R. Knepp II_____
               United States Magistrate Judge

ANY OBJECTIONS to the Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).