UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
WAYNE FERGUSON,                                 :   CASE NO. 1:10-CV-496
                                                :
            Petitioner,                         :
                                                :
vs.                                             :   ORDER & OPINION
                                                :   [Resolving Doc. Nos. 1, 3, 5, 8, 9]
FRANK SHEWALTER,                                :
                                                :
            Respondent.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Wayne Ferguson petitions for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] Ferguson seeks relief from the sentence than an Ohio state court imposed following his convictions for rape and sexual battery. Respondent-Warden Frank Shewalter moves to dismiss the petition as untimely. [Doc. 5.] Magistrate Judge James R. Knepp III recommends that the Court grant the Respondent's motion to dismiss. [Doc. 8.] Ferguson objects to that recommendation. [Doc. 9]. The Court reviews Ferguson's objections *de novo*. 28 U.S.C. § 636(b)(1).

For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** the Respondent's motion to dismiss, and **DENIES** Ferguson's habeas petition.

**I. Background**

A habeas petition by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired. *Id.* § 2244

Case No. 1:10-CV-496
Gwin, J.

(d)(1). The Magistrate Judge's recommendation is based on a finding that Ferguson failed to file his federal habeas petition within this period, and the procedural history that follows is relevant to that finding. The facts surrounding the underlying incident are included for context.

In January 2007 an Ohio jury found Ferguson guilty of a rape and sexual battery that occurred in 1998. [Doc. 5-1 at 6, 8.] In 1998, Ferguson lived with the victim and her family while he did some work on their house. On the night in question and after drinking a bottle of gin, Ferguson stumbled back to the house around 2:30 am and awoke the victim. He made some advances toward her before she said "you're drunk, don't touch me" and went back to bed. Sometime around 4:00am the victim awoke from a hard sleep to find Ferguson next to her and semen running down her leg from her vagina.

The victim's parents took her to the hospital where an examination was performed. A doctor flagged the incident as an "alleged sexual assault." The following day the victim gave a statement to the police. When questioned about the accusation, Ferguson admitted that a "sexual encounter took place," but denied raping her.

The victim says she repeatedly called the local police department for the next five years asking about the status of the case, but nothing was done and she finally gave up. In 2006 a different detective located the case file and evidence, including the rape kit that had been preserved from the incident, and noticed that it had never been submitted for analysis. This detective pursued the case and Ferguson was convicted in January 2007.

On July 25, 2007, Ferguson appealed the conviction, asserting that it was against the manifest weight of the evidence. [Doc. 5-1 at 47.] The trial transcript was filed with the appellate court on September 4, 2007. [Doc. 5-1 at 320.] The state appellate court affirmed the conviction on May 19,

Case No. 1:10-CV-496
Gwin, J.

2008. [Doc. 5-1 at 85.] As a result, Ferguson had until July 3, 2008 to appeal to the Ohio Supreme Court, but did not. *See* Ohio Sup. Ct. Prac. R.§ 2.2(A)(1)(a) (notice of appeal to the Ohio Supreme Court must be filed within forty-five days of the entry of judgment). Later, on July 15, 2008, Ferguson asked the Ohio Supreme Court for leave to file a tardy appeal, but that Court denied the motion on September 10, 2008. [Doc. 5-1 at 102, 131.]

Concurrently with his direct appeal, Ferguson also sought collateral relief from the trial court. On April 3, 2008, Ferguson filed a petition for post-conviction relief. The state trial court denied it as untimely on June 6, 2008 because the motion was filed thirty days after the 180-day deadline set forth in Ohio Revised Code § 2953.21. [Doc. 5-1 at 208, 221.] On June 25, 2008, Ferguson appealed this denial to the state appellate court. The state appellate court dismissed the appeal on September 29, 2008 for Ferguson's failure to prosecute. [Doc. 5-1 at 223, 228.] On October 23, 2008, Ferguson appealed the appellate court's dismissal to the Ohio Supreme Court, which on February 4, 2008 also dismissed the appeal. [Doc. 5-1 at 255.]

On August 6, 2008, Ferguson filed a motion for an extension of time to file an Ohio Appellate Rule 26(B) application to reopen the state appellate court case. [Doc. 5-1 at 132.] The appellate court granted leave, and Ferguson filed the application on September 15, 2008. The court later denied it on October 22, 2008. [Doc. 5-1 at 168-69.] Ferguson appealed this decision to the Ohio Supreme Court, which dismissed the appeal on January 28, 2009. [Doc. 5-1 at 166, 176, 207.]

Ferguson then filed a state habeas corpus petition with the Ohio Supreme Court on September 17, 2009. [Doc. 5-1 at 256.] The Ohio Supreme Court denied the state habeas corpus petition on November 4, 2009. [Doc. 5-1 at 318.]

On March 8, 2010, Ferguson filed the instant petition. [Doc. 1.] The Respondent says the

Case No. 1:10-CV-496
Gwin, J.

petition is time barred under 28 U.S.C. § 2244(d). [Doc. 5.]

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs a federal court's review of a state prisoner's habeas corpus petition. As relevant to this case, a habeas petition by a state prisoner must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

This one-year period is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). "The tolling provision does not, however, revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quotation and internal quotation marks omitted).

## III. Analysis

Ferguson says his petition is timely because the post-conviction motions he filed sufficiently tolled the statute of limitations. Alternatively, Ferguson asks the court to apply equitable tolling. Because Ferguson's petition is untimely and because there exists no basis to equitably toll the one-year period, the Court dismisses Ferguson's petition.

### 1. Statute of Limitations

The statute of limitations began to run on July 4, 2008, once Ferguson's time to appeal the appellate court's decision to the Supreme Court of Ohio expired. The clock ran for eleven days until July 15, 2008, when Ferguson filed a delayed appeal to the Ohio Supreme Court. *See DiCenzi v.*

Case No. 1:10-CV-496
Gwin, J.

*Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (motion for delayed appeal tolls statute of limitations while motion is pending). The clock started running again on September 11, 2008, after the Ohio Supreme Court denied leave to appeal, and none of Ferguson's later petitions successfully stopped it before the one-year deadline.

When Ferguson filed an application to reopen on September 15, 2008, his statute of limitations had run for fifteen days. An application to reopen, if properly filed, tolls the statute of limitations. *See Lopez v. Wilson*, 426 F.3d 339, 346 (6th Cir. 2005). An application to reopen is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005) (quotation omitted).

The state appellate court dismissed the application because Ferguson failed to allege that his appellate counsel was ineffective and failed to include "[a]ny part of the record available to the applicant . . . upon which [he] relies," [Doc. 5-1 at 171], as required by Ohio Appellate Rules 26(B)(2)(d)–(e).[1] The Supreme Court in *Pace v. DiGuglielmo* instructed that "mechanical rules," such as filing a "verified petition" and filing "3 copies with the clerk," are filing requirements. 544 U.S. 408, 415 (2005). In Ohio, an application must include a sworn statement alleging appellate counsel's deficient representation and the record available to the applicant, among other requirements. The Court sees no basis to depart from *Pace*'s guidance and finds, therefore, that Ohio Appellate Rule 26(B)(2)(d) and (e) are filing requirements. As Ferguson did not comply with these requirements, his application was not properly filed and thus did not toll the statute of limitations.

Nor did Ferguson's April 3, 2008 petition to the trial court for post-conviction relief toll the

---

[1] Ferguson argues that the state court ignored these deficiencies because it went on to reach the merits of the petition. However, "when a state court relies on an independent procedural ground to deny relief, a discussion of the merits will not supersede the procedural bar to habeas relief." *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004).

-5-

Case No. 1:10-CV-496
Gwin, J.

statute. A properly filed application for post-conviction review will toll the statute of limitations. *Pace*, 544 U.S. at 410. To be properly filed in Ohio the petition must be filed within 180 days from the day the trial transcript is lodged with the court of appeals. Ohio Rev. Code Ann. § 2953.21(A)(2). Here, Ferguson filed his motion 210 days after the transcript was filed, and the trial court dismissed Ferguson's petition for post-conviction relief as untimely. Thus, because an untimely petition for post-conviction relief did not toll the statute of limitations, *see Allen v. Siebert*, 552 U.S. 3, 5 (2007), Ferguson's clock continued to run.

Because neither Ferguson's application to reopen nor petition for post-conviction relief tolled the statute of limitations, it ran 382 days until Ferguson filed a habeas petition with the Ohio Supreme Court. The time for filing a federal habeas petition, then, had already expired, and Ferguson's later state-court motions did not restart the clock. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Thus, the AEDPA's statute of limitations bars Ferguson's federal habeas petition.

### 2. Equitable Tolling

Recognizing this hurdle, Ferguson, in his objections to the Report and Recommendation, asks the Court to equitably toll the statute of limitations. The Sixth Circuit has found equitable tolling appropriate: (1) when the petitioner makes a credible showing of actual innocence; or (2) under the five-factor test established in *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). *See Steward v. Moore*, 555 F. Supp. 2d 858, 870-71 (N.D. Ohio 2008).

Ferguson first argues that equitable tolling should apply because he is innocent. [Doc. 9 at 2.] "Actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). To establish a credible claim of actual innocence, a petitioner must

-6-

Case No. 1:10-CV-496
Gwin, J.

"support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Here, Ferguson has failed to provide any new evidence of actual innocence. Ferguson says he gave a written statement to the police eight years before he was prosecuted, but that the statement has disappeared. [Doc. 9 at 4.] The contents of that statement, he continues, contained exculpatory information and caused the "city law director not to pursue charges at that time." [*Id*.] However, Ferguson does not provide this statement, nor does he summarize its contents for the Court. Thus, because Ferguson's general, continuing denial that he committed the crimes does not constitute new evidence, the Court finds no credible claim of actual innocence. *See Imburgia v. Bradshaw*, No. 1:09-CV-2009, 2010 WL 1628054, at *7 (N.D. Ohio Apr. 22, 2010).

Ferguson also says the *Dunlap* factors suggest that equitable tolling is appropriate. In order to determine whether to equitably toll the statute of limitations, a court considers: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008.

Ferguson says he has a tenth-grade education and lacks legal training, but, according to the Sixth Circuit, these are usually not reasons to equitably toll the statute of limitations. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (even illiteracy is not a basis to toll). Ferguson also says he was not provided notice of the filing requirements, and had no knowledge of the deadlines. Yet the Sixth Circuit has generally foreclosed this argument also, holding that the AEDPA itself gives

-7-

Case No. 1:10-CV-496
Gwin, J.

constructive notice of the one-year statute of limitations and that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen*, 366 F.3d at 403 (quotation omitted). Accordingly, because Ferguson had constructive notice of the limitations period, the first, second, and fifth factors of the *Dunlap* test do not strongly support equitable tolling.

Finally, Ferguson has not shown that he diligently pursued his rights, the third factor of the *Dunlap* test. Ferguson aptly likens his situation to that of a lost traveler always one step behind a moving train. This analogy is well taken, but is nonetheless insufficient to meet the third factor of the *Dunlap* test. After the Supreme Court's holding in *Lawrence v. Florida*, a petitioner must show not only that he diligently pursued his rights, but also that "extraordinary circumstances stood in his way" that prevented timely filing. 549 U.S. 327, 336 (2007). Ferguson's case represents the *ordinary* situation of a pro se prisoner fumbling through the legal system, not some *extraordinary* situation where, for example, the delay was caused by egregious attorney misconduct. *See Holland v. Florida*, -- U.S. --, 130 S.Ct. 2549, 2563-64 (2010). The Court therefore is unable to equitably toll the statute of limitations.

### IV. Conclusion

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** the Respondent's motion to dismiss, and **DENIES** Ferguson's habeas petition. However, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could be taken in good faith with regard to both this Court's calculation of the time that passed before this petition

Case No. 1:10-CV-496
Gwin, J.

was filed and with regard to whether equitable tolling relieves Ferguson of the time bar. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


Dated: July 12, 2011                                s/      *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE